O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ALAN HUNTER,<br><br>           Petitioner,<br><br>    v.<br><br>J. GASTELO, Warden,<br><br>           Respondent. | No. SACV 18-00310-JGB (JDE)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the records on file, including operative First Amended Petition (Dkt. 6), Respondent's Answer to the Petition and supporting lodgments (Dkt. 11, 12), Petitioner's Traverse (Dkt. 15), the Report and Recommendation of the United States Magistrate Judge (Dkt. 18, "Original Report"), the Objections to the Report and Recommendation filed by Petitioner (Dkt. 21, "Objections"), and the Amended Report and Recommendation (Dkt. 24, "Amended Report").

Although Petitioner did not file any objections to the operative Amended Report, because the Amended Report changed only a single sentence from the Original Report, the Court treats Petitioner's Objections as

applying to the operative Amended Report. So interpreted, the Court has engaged in a de novo review of those portions of the controlling Amended Report to which objections have been made.

The Court notes that among the arguments raised by Petitioner in his Objections is an assertion, in one paragraph, that the underlying state law regarding the felony murder rule has changed since Petitioner's conviction. Objections at 2. The United States Magistrate Judge, after noting Petitioner's argument about the asserted change in state law: (i) had not previously been raised by Petitioner; (ii) does not facially appear cognizable for federal habeas review; and (iii) does not appear to have been exhausted, provided Petitioner with an opportunity to request a stay if he wished to pursue such a new, apparently unexhausted, claim. Dkt. 22 at 2. The magistrate judge also advised Petitioner that if Petitioner did not request a stay or otherwise respond, the magistrate judge would not further consider the issue and forward the matter to this Court. Petitioner did not seek a stay or otherwise respond directly to the magistrate judge's order.

"[A] district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000). However, "in making a decision on whether to consider newly offered evidence, the district court must actually exercise its discretion, rather than summarily accepting or denying the motion." Id. at 622.

Here, Petitioner arguably presented "new evidence" about a change in the underlying state law in the Objection. However, such a vague and cursory claim cannot support federal habeas relief. See Greenway v. Schriro, 653 F.3d 790, 804 (9th Cir. 2011) ("cursory and vague claim cannot support habeas relief") (citation omitted). Further, based upon the argument presented, the

"claim" does not appear to be either cognizable on federal habeas review (see Estelle v. McGuire, 502 U.S. 62, 68 (1991) (holding "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States")) or exhausted (see 28 U.S.C. § 2254(b)(1) (requiring habeas petitions on behalf of persons in state custody must show the petitioner "has exhausted the remedies available in the courts of the State" or show an appropriate excuse for a failure to exhaust)). As a result, and noting Petitioner was offered an opportunity to seek a stay to exhaust the claim but did not do so, the Court exercises its discretion to not consider the new "claim" raised for the first time in the Objection.

The Court, having conduced a de novo review of the portions of the Amended Report to which objections were made accepts the findings and recommendation of the Magistrate Judge.

IT IS THEREFORE ORDERED that:

1. Petitioner's request for an evidentiary hearing is denied; and
2. Judgment shall be entered denying the Petition and dismissing this action with prejudice.

Dated: March 6, 2019

JESUS G. BERNAL
United States District Judge